```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION

UNITED STATES OF AMERICA,       §
                                §
     Petitioner,                §
                                §
v.                              §    Misc. Action No. H-09-0355
                                §
PAULA OHENDALSKI,               §
                                §
     Respondent.                §
```

### ORDER RECOMMENDING ENFORCEMENT OF SUMMONSES

This summons enforcement action was referred to the undersigned magistrate judge for a hearing pursuant to 28 U.S.C. § 636(b).[1]  This matter was originally set for hearing on September 2, 2009; however, Respondent failed to appear.[2]  The hearing was reset, and the court ordered the United States Marshal to personally serve Respondent with a notice of the hearing.[3]

On September 23, 2009, Petitioner and Respondent appeared before the court.  The Petitioner seeks documents and testimony for tax years 2004, 2005, 2006, 2007, and periods ending: 06/30/2003, 09/30/2003, 12/31/2003, 6/30/2004, 09/30/2004, 12/31/2004, 03/31/2005, 06/30/2005, and 09/30/2005.[4]

In <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964), the Supreme Court set forth four requirements for enforcement of a summons:

---

[1]   <u>See</u> Order Referring Case, Docket Entry No. 5.

[2]   <u>See</u> Notice of Setting, Docket Entry No. 6; Minute Entry, Docket Entry No. 7.

[3]   <u>See</u> Order to Show Cause, Docket Entry No. 8.

[4]   <u>See</u> Petition to Enforce IRS Summons, Docket Entry No. 1, Exs. 2, 4.

> [The IRS agent] must show [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the Commissioner's possession, and [4] that the administrative steps required by the Code have been followed . . . .

This initial burden is minimal and typically requires only an affidavit by the officer who issued the summons.  Powell, 379 U.S. at 57.  Once this initial burden is met, the burden shifts to the taxpayer to show cause why the burden was not met or to assert and prove that enforcement would represent an abuse of court process. Powell, 379 U.S. at 58.

In this case, the revenue office's affidavit was in error on the date Respondent actually appeared in response to the summons. Hence, the court required the revenue officer to take the witness stand to correct the error in the affidavit.

Revenue Officer Perry testified that he issued two summonses for records and testimony from Respondent, requiring her to appear on May 23, 2008, in his office.  Respondent did not appear and Perry sent a second-chance notice, setting a date for compliance of July 8, 2008.  Respondent received this letter and on June 27, 2008, sent a two-page letter to Perry inquiring into the purpose of the examination and seeking answers to numerous questions.[5] Respondent informed Perry that any records she produced would be under protest and duress unless he answered her questions in writing prior to the meeting.  At the bottom of the second page she

---

[5]   See Minute Entry, Docket Entry No. 11, Attach. 1, letter from Paula Ohendalski to Willie J. Perry, dated June 27, 2008.

notified Perry of her intent to record the July 8 interview.

The Internal Revenue Service received the letter on June 30, 2008, according to the signed green card offered by Respondent at the hearing. Perry testified that he received the letter shortly before the interview on July 8, 2008. Respondent appeared for the interview and insisted that the interview be taped. Perry testified that although the Internal Revenue Code permits a taxpayer to record an interview, internal procedures require ten days advance notice in order that the IRS employee have equipment present to tape record the interview. As he had just received Respondent's letter, he was unprepared to tape the interview. He excused himself to speak with his manager.

When Perry returned, he asked Respondent to reset the interview to allow him time to set up a tape recorder. She refused and continued to tape the conversation. Perry refused to complete the interview because of his employer's requirement that a revenue officer make his own recording of an interview if the taxpayer intended to make a recording. Respondent left without producing records or providing testimony for any tax year.

Respondent now argues that the revenue officer's termination of the interview satisfied the summonses and that she should not be compelled to appear before the officer a second time. Respondent raised no other objections to compliance with the summonses other than the above-stated arguments.

Section 7521(a) of the Internal Revenue Code provides:

(1) Recording by taxpayer. - Any officer or employee of
the Internal Revenue Service in connection with any in-

>    person interview with any taxpayer relating to the
>    determination or collection of any tax shall, upon
>    advance request of such taxpayer, allow the taxpayer to
>    make an audio recording of such interview at the
>    taxpayer's own expense and with the taxpayer's own
>    equipment.

The Internal Revenue Manual ("IRM") section implementing Section 7521's recording provision states, in pertinent part:

>    (1) Requests to make audio tape, audio disk, stenographic
>    or other verbatim recordings of interviews will
>    ordinarily be allowed except where the taxpayer or
>    representative's behavior is disruptive. Requests to
>    make video recordings will not be permitted.
>
>    (2) A request to record an interview requires:
>
>        (a) Ten (10) calendar day advance notice;
>        (b) Group manager approval;
>        (c) The taxpayer or representative to furnish
>        their own equipment and allow the Service to
>        produce its own recording; and
>        (d) The recording takes place in a suitable
>        location, ordinarily in an IRS office.
>
>    (3) If the ten (10) calendar day advance notice is not
>    given and/or Service equipment is not available, a new
>    appointment will be scheduled.

IRM, 4.16.1.3.2.2, 2007 WL 2634129. In addition, Section 7605(b) of the Internal Revenue Code states:

>    No taxpayer shall be subjected to unnecessary examination
>    or investigations, and only one inspection of a
>    taxpayer's books of account shall be made for each
>    taxable year unless the taxpayer requests otherwise or
>    unless the Secretary, after investigation, notifies the
>    taxpayer in writing that an additional inspection is
>    necessary.

26 U.S.C. § 7605(b).

In the present case, Respondent provided Perry with less than ten days advance notice of her intent to record the interview and, in light of the IRM provision requiring ten days notice, and the Service's own inability to make its own recording without adequate

notice, it was not unreasonable for Perry to request a rescheduling of the interview. The court does not interpret Perry's termination of the hearing in light of Respondent's refusal either to stop the tape recording or reschedule the interview as evidence that Respondent had complied with the summonses or that the IRS was abandoning its requests for information.

Accordingly, in light of the testimony and the pleadings in the court's file, the court finds that the investigation of Respondent is for a legitimate purpose; that the information sought is relevant to that purpose; that the information is not already in the possession of the Internal Revenue Service; and that all administrative steps have been followed. The court further finds that Respondent's objection to enforcement of the summonses based on the dispute over taping the interview and her refusal to reschedule does not undermine the above findings.

As the court recommends a finding that Respondent has not complied with the summonses and recommends that the summonses be enforced, Section 7605(b) of the Internal Revenue Code, which prohibits an unauthorized second examination pursuant to a second summons for records, is not triggered.

It is therefore the **RECOMMENDATION** of the undersigned that the summonses be **ENFORCED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have ten days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.

Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

    The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

    **SIGNED** in Houston, Texas, this 25th day of September, 2009.

Nancy K. Johnson
United States Magistrate Judge